UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CITY OF CHICAGO,

    Plaintiff,

v.

BP P.L.C.., et al.,

    Defendants.

No. 24-cv-02496
Judge Franklin U. Valderrama

ORDER

Plaintiff City of Chicago (the City) sued oil companies BP P.L.C., BP America Inc., BP Products North America Inc., Chevron Corporation, Chevron U.S.A. Inc., ConocoPhillips Company, ConocoPhillips, Phillips 66 Company, Phillips 66, Exxon Mobil Corporation, ExxonMobil Oil Corporation, Shell Oil Products Company LLC, Shell PLC, Shell USA, Inc., and their primary trade organization, the American Petroleum Institute (collectively Defendants) in state court, asserting claims under state common law and for violations of municipal ordinances for their alleged deceptive conduct in failing to disclose the scientific studies that Defendants had conducted that linked the development and use of fossil fuels to climate change. R. 1-1, Compl.[1] Defendants removed the case to federal court under 28 U.S.C. §§ 1441(a) and 1446, based on the Court's jurisdiction under 28 U.S.C. §§ 1331, 1367(a), and 1442. R. 1, Notice Remov. The City filed a motion to remand the case to state court,

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

which is currently pending before the Court. R. 66, Mot. Remand. Tarek Farag, proceeding *pro se*, moves to intervene as a defendant under Federal Rule of Civil Procedure 24. R. 70, Mot. Intervene. He also moves under Northern District of Illinoi Local Rule 40.4 to reassign as related a complaint he filed in federal court naming, among others, the President of the United States, Secretary Alejandro Mayorkas, and Illinois Governor Pritzker, 24-cv-0278, *Farag v. Biden*. R. 71, Mot. Reassign.

The City and Defendants[2] oppose both motions, arguing that Farag fails to satisfy the requirements for intervention as a matter of right or permissive intervention under Rule 24, nor the criteria for reassignment under Local Rule 40.4. R. 91, City Resp.; R. 92, Defs.' Resp. The Court agrees, and for the following reasons the motions are denied.

**Background**

On February 20, 2024, the City filed a sprawling eighty-four-page complaint consisting of four hundred and sixteen paragraphs in Illinois state court against Defendants, which alleges that Defendants have known for decades about the direct link between fossil fuel use and climate change but coordinated to conceal their knowledge and deceive consumers and the public about the detrimental impact of fossil fuels on the climate. Compl. The City asserts claims for strict products liability

---

[2]Defendants filed a short opposition in which it noted that they "disagree with the premise of the City of Chicago's lawsuit, dispute the City's characterization of Defendants' conduct in its response to Mr. Farag's Motions and deny liability under any of the City's theories, Defendants agree with the City that Tarek Farag's Motions should be denied because he does not meet the requirements of intervention under Federal Rule 24 or reassignment under Local Rule 40.4." Defs.' Resp. at 1. So, while the Court refers to the City's arguments in response to Farag's motions in this Order, the Court understands that Defendants oppose the motions for similar, if not identical, reasons.

for failure to warn, negligent product liability for failure to warn, negligence, public nuisance, private nuisance, nuisance violations of the Municipal Code of Chicago (MCC), civil conspiracy, unjust enrichment, consumer fraud in violation of the MCC, misrepresentation in violation of the MCC, and recovery of city costs of providing service in violation of the MCC. *Id.* ¶¶ 258–416. Defendants removed this case to federal court on March 28, 2024. Notice Remov. On June 13, 2024, Farag filed a Motion to Intervene as a defendant and moved to reassign his pending federal case as related. Mot. Intervene; Mot. Reassign. The fully briefed motions are before the Court.

## Legal Standards

### I. Intervention

A non-party who wishes to intervene in a federal lawsuit must satisfy the requirements of Rule 24. *See* Fed. R. Civ. P. 24. There are two types of intervention under Rule 24: intervention as a matter of right and permission intervention. *Id.*

Under Rule 24(a), "the court must permit anyone to intervene" if the person: "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In the second scenario, a movant may intervene as a matter of right only if he or she satisfies four factors: "(1) a timely application; (2) an interest relating to the subject matter of the action; (3) potential

3

impairment, as a practical matter, of that interest by disposition of the action; and (4) lack of adequate representation of the interests by the existing parties to the action." *Shea v. Angulo*, 19 F.3d 343, 346 (7th Cir. 1994) (cleaned up).[3] The Court accepts "as true the non-conclusory allegations of the [purported intervenor's] motion." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). "The proposed intervenor has the burden of establishing all four elements; the lack of even one requires that the court deny the motion." *Planned Parenthood of Wisconsin, Inc., v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019). A party granted leave to intervene as of right under Rule 24 has the full rights of a party. *Id.*

Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The decision of "[w]hether to allow permissive intervention is a highly discretionary decision." *Bost v. Illinois State Bd. of Elections*, 75 F.4th 682, 690 (7th Cir. 2023). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Unlike with a party intervening as of right, a court can "place conditions on the scope of permissive intervention." *Planned Parenthood of Wisconsin*, 942 F.3d 793, 803.

---

[3] This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

4

## II. Reassignment

Under N.D. Ill. Local Rule 40.4, the Court has discretion to reassign a case so long as it is "related" to an earlier-numbered case—which includes when "the cases involve some of the same issues of fact or law"—and meets a set of four conditions:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

N.D. Ill. Local R. 40.4(b)(1)–(4). And Federal Rule of Civil Procedure 42(a) allows the Court to consolidate cases if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009) (discussing a district court's discretion in consolidating cases).

## Analysis

### I. Motion to Intervene

#### A. Intervention as a Right

As the City points out, Farag does not claim that he is given an unconditional right to intervene by federal statute under Rule 24(a)(1). City Resp. at 3; *see* Mot. Intervene. Accordingly, the Court addresses the four criteria outlined above to determine whether Farag must be allowed to intervene under Rule 24(a)(2). The City does not dispute the timeliness of Farag's motion to intervene. *See* City Resp. at 4 n.1. The City, however, contends that Farag fails to satisfy the remaining three elements of Rule 24(a). The Court addresses, to the extent necessary, each argument in turn.

The first requirement is that the intervenor must show an interest relating to the case. The Seventh Circuit has explained that "the prospective intervenor's interest must be direct, significant, and legally protectable." *Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 506 (7th Cir. 1996). "Whether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). "The interest analysis focus[es] on the issue to be resolved in the litigation and whether the potential intervenor has an interest in those issues." *Id*. Rule 24 "does not define 'interest,' but the case law makes clear that more than the minimum Article III interest is required." *Lopez-Aguilar v. Manon Cty Sheriff's Dept,* 924 F.3d 375, 391 (7th Cir. 2019) (cleaned up). An intervenor must present a "unique" interest based on their own rights, rather than rights derived from those of the existing parties. *Bost*, 75 F.4th at 690. That said, the right need not belong *only* to the proposed intervenor, of even to the proposed intervenor *and not to* an existing party. *Id*.

Farag argues that he satisfies this first factor as he has an interest relating to the lawsuit. Mot. Intervene at 5. As an initial matter, Farag contends that climate change is a "hoax." *Id*. According to Farag, the City's lawsuit is premised on enforcing the "hoax," which impacts many citizens beyond the parties, as the lawsuit "could legalize the illegal and destructive actions of the government." *Id*. For example, Farag maintains that he is paying higher electric bill to enforce the "hoax." *Id*. In addition,

6

complains Farag, the government "takes our money to give to reach people to subsidize for them electric cars, solar panels, etc." *Id.*

Unsurprisingly, the City takes the position that Farag fails to satisfy this factor. City Resp. at 4–6. The City points out that its claims center on Defendants' failures to disclose the scientific studies Defendants conducted that linked the development and use of fossil fuels to climate change and predicted the impacts that destabilization would have on the City. *Id.* at 4 (citing Compl. ¶¶ 1–11). Farag's interest, submits the City, are not related to the nature of the City's claims, nor are his interests legally protectable. *Id.* In fact, posits the City, Farag's primary interest in seeking to intervene is, apparently, to disprove the scientific evidence that establishes the existence of climate change. *Id.* at 4–5. As the City argues, even if Farag is an expert on the topic, as he claims, "the fact that [a potential intervenor] may have a particular expertise is no ground for mandatory intervention. If it were, every potential expert witness would meet the interest requirement." *Id.* at 6 (quoting *Am. Nat'l Bank & Tr. Co. of Chicago*, 865 F.2d. 144, 147 (7th Cir. 1989)).

And, to the extent that Farag claims that the City's lawsuit will impact him personally by increasing his electric bill or otherwise cost him money, the Court agrees with the City that an economic interest, by itself, is not enough to support intervention under Rule 24(a)(2). City Resp. at 5–6 (citing, *inter alia*, *Thompson v. United States*, 268 F.R.D. 319, 322 (N.D. Ill. 2010)). Moreover, argues the City, its lawsuit seeks to have Defendants *reimburse* the City for costs and damages that the

7

City has expended and will have to expend, so this case will not result in price increases. *Id.* at 6.

Disposition of this case in in its favor, posits the City, will have no impact on Farag's claims that climate change is a "hoax," as, even if the City prevails and Defendants are required to reimburse it for the costs and damages related to climate change, Farag can still pursue his own claims about climate change. Moreover, his ability to pursue other claims unrelated to climate change, raised in Case No. 24-cv-2728, *Farag v. Biden*, will not be impacted. The Court again agrees with the City.

For the foregoing reasons, the Court finds that Farag has failed to show a direct, legally protectable interest.

The Court therefore need not substantively address the remaining two elements: the impairment of Farag's interests and adequacy of representation. Because the Court finds that Farag lacks an interest relating to the subject matter of this action, he does not, and cannot, have a significant interest that could be impaired by the disposition of this action. *Am. Nat. Bank & Tr. Co. of Chicago*, 865 F.2d at 147 ("Because the [movant] has failed to assert a direct, legally protectable interest, it follows that it has failed to assert an interest that could be impaired or impeded by the district court proceedings."). And, as discussed above, the Court finds that, even if the City prevails in this lawsuit, Farag's ability to pursue his own claims related to climate change will not be impacted. As to the adequacy of representation, that element "relates directly to the rights asserted by the plaintiffs and the rights and authority claimed by the defendants," so, without an interest in those rights, Farag

8

has "no right to assert that [his] interests are inadequately represented by the defendants." *Wade v. Goldschmidt*, 673 F.2d 182, 186 (7th Cir. 1982).

### B. Permissive Intervention

The Court now turns to Farag's alternative request for permissive intervention under Rule 24(b)(2). As with intervention as of right, Farag does not argue that he has a conditional right to intervene from a federal statute, nor do the parties contend that Farag's motion is untimely. The Court therefore addresses whether Farag has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). As stated above, the Court has significant discretion when determining whether to allow permissive intervention. *See Bost*, 75 F.4th at 690.

Farag maintains that permissive intervention is warranted because he shares a common question of fact, namely "burning fossil fuel does not cause global warming." Mot. Intervene at 8. He also cursorily argues that allowing him to intervene "will not prejudice the existing parties." *Id.* The City, on the other hand, asserts that not only do Farag's claims *not* share common issues of law or fact with this case, but also allowing him to intervene "will unduly delay or prejudice the adjudication of the original parties' rights." City Resp. at 7–8 (quoting Fed. R. Civ. P. 24(b)(3)). The Court agrees with the City.

As the City points out, the crux of this lawsuit is "whether Defendants engaged in the deceptive conduct alleged in the City's Complaint" (namely concealing their knowledge about the link between fossil fuel usage and climate change) and "whether

9

Defendants are liable for that conduct to under certain Illinois common law and City Ordinances." City Resp. at 7–8 (citing Compl. ¶¶ 1–11). On the other hand, the questions of law and fact raised by Farag are whether the government and media have perpetuated a "hoax" about climate change, resulting in increased costs to individual citizens like himself. The Court agrees that, even though both touch on climate change, there are no overlapping questions of law and fact.

Even if there were, the Court also finds that allowing Farag to intervene will unduly delay or prejudice the adjudication of the parties' rights. As an initial matter, as the City points out, if the Court finds that it lacks jurisdiction over the lawsuit, Farag's involvement would complicate the granting of the City's motion to remand. City Resp. at 8. What's more, putting aside the pending remand motion, if Defendants wish to raise a challenge to the veracity of climate change as a defense, they are equipped to do so themselves. *See Bost*, 75 F.4th at 691; *Am. Nat. Bank & Tr. Co. of Chicago*, 865 F.2d at 147. The Court finds that allowing Farag to intervene would provide little value, and cause delay to the current litigation.

The Court accordingly exercises its discretion to deny permissive intervention.

## II.  Motion to Reassign

The Court next turns to Farag's motion to reassign *Farag v. Biden* as related to this case. Mot. Reassign. Farag contends that he satisfies all elements for reassignment under Local Rule 40(b).[4] The Court addresses each in turn.

---

[4] As stated above, for reassignment to be warranted, the cases must involve some of the same issues of fact or law and also satisfy the following criteria: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where

10

First, Farag argues that the cases involve common issues of fact or law, as they both "challenge whether <u>burning fossil fuels could cause harmful global warming</u>." Mot. Reassign at 3 (emphasis in original). Not so, retorts the City, as *Farag v. Biden* involves several broad and far-reaching claims against numerous defendants, including government officials (such as President Biden), multiple media companies, Facebook, and other unknown defendants, none of which are parties in this case. City Resp. at 10. Indeed, notes the City, Farag does not name the City or any of the Defendants in this case as parties in *Farag v. Biden*. *Id.* at 11. And the City's lawsuit does not include any claims relating to the role of government officials, the news media, or social media in climate change. *Id.* at 10–11. Even as to the Farag's claim about the veracity of climate change, the City contends that that question is separate and apart from the primary questions of law and fact at issue in this lawsuit. For the reasons discussed above in relation to Farag's motion to intervene, the Court agrees that there are no common questions of law and fact.

Even if there were, the Court finds that, given the significantly broader claims raised against myriad new defendants in *Farag v. Biden*, reassignment would not save judicial time and resources, as it would expand the scope of the instant case. *See* City Resp. at 11.

Relatedly, the Court agrees with the City that the two cases are not susceptible to disposition in a single proceeding given the breadth Farag's claims against many

---

designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D. Ill. Local R. 40.4(b)(1)–(4).

11

different categories of defendants not present in the current action. City Resp. at 11. For this factor to be met, the cases must "involve fundamentally similar claims and defenses that will likely be amendable to dispositive treatment in unified proceedings, whether in . . . summary judgment or trial." *Global Patent Holdings, LCC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *4 (N.D. Ill. April 23, 2008) (cleaned up). Although Farag contends that both lawsuits could be resolved based on a finding that climate change is a hoax, Mot. Reassign at 3, if the Court disagrees with that proposition, then the two actions certainly could not be resolved with "amenable dispositive treatment," as the City seeks to hold Defendants, private corporations, liable under Illinois common law and the City's Ordinances, while Farag brings federal claims against government officials and media companies.

Finally, there is a high probability that reassignment would cause delay. True, as Farag points out, this case is at an early stage. Mot. Reassign at 3. However, as the City notes in response, there is a pending motion to remand, which presents questions of the Court's subject matter jurisdiction that are not present in Farag's case; as the City argues, "reassignment would distract from the pending Motion to Remand briefing and decision-making by bringing in a host of unrelated claims and defendants." City Resp. at 12.

Accordingly, the Court exercises its discretion to deny the motion to reassign *Farag v. Biden* as related to the instant action.

**Conclusion**

For the foregoing reasons, the Court denies Farag's motion to intervene [70] and his motion to reassign [71]. It also terminates Farag's motion to grant his motion to intervene [94] as moot.

Dated: August 23, 2024

                                              United States District Judge
                                              Franklin U. Valderrama