**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CITY OF CHICAGO, <br><br> Plaintiff, <br><br> v. <br><br> BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY; CONOCOPHILLIPS; PHILLIPS 66 COMPANY; PHILLIPS 66; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; SHELL OIL PRODUCTS COMPANY LLC; SHELL PLC; SHELL USA, INC.; and AMERICAN PETROLEUM INSTITUTE, <br><br> Defendants. | Civil Action No. 1:24-cv-02496 <br><br> Hon. Franklin U. Valderrama |

**DEFENDANTS' EMERGENCY MOTION FOR A TEMPORARY STAY OF
EXECUTION OF REMAND ORDER**

Defendants respectfully move this Court to temporarily stay the execution of its order

granting Plaintiff's motion to remand (the "Order"), Dkt. 113, to allow Defendants time to file a

formal motion to stay remand pending appeal, which Defendants will file within ten days or as

soon as the Court requests.[1]  Defendants request that the stay remain in place until this Court rules

on Defendants' forthcoming motion to stay pending appeal or, if that motion is denied, until the

---

[1]   This motion is submitted subject to and without waiver of any defense or objection, including
personal jurisdiction, insufficient process, or insufficient service of process.

Seventh Circuit rules on the motion to stay Defendants would then file in that court. Defendants further request that the Court instruct the Court Clerk not to send a certified copy of the Order to the Circuit Court of Cook County, Illinois, in order to preserve the status quo until such time as Defendants' request for a stay pending appeal has been fully resolved. *See* N.D. Ill. Local R. 81.2 (providing that "[a]fter the entry of an order remanding a case to a state court pursuant to 28 U.S.C. §1447(c) the clerk shall not transmit the certified copy of the remand order for 14 days following the date of docketing that order" unless the court directs otherwise).

Last Friday, the Court granted Plaintiff's motion to remand, holding that the Court does not have jurisdiction over Plaintiff's claims. Dkt. 113. Defendants will soon appeal this decision to the Seventh Circuit, and also intend to file a motion to stay remand pending the appeal. Defendants have a right to appeal the Order because they removed this case under the federal officer removal statute. While generally "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal," an "order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447(d). The Supreme Court has made clear that on appeal a court is to review "any issue fairly encompassed within" a remand order of a case removed pursuant to the federal officer removal statute. *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021).

A temporary stay is warranted here to preserve Defendants' appellate rights and spare the parties and the Circuit Court from what could be a substantial amount of unnecessary and ultimately futile litigation. If the Clerk were to transmit the remand order to the Circuit Court, "[t]he State court may thereupon proceed with such case." 28 U.S.C. § 1447(c). As will be explained further in Defendants' forthcoming motion to stay pending appeal, Defendants' appeal

will present serious legal issues, including many questions that have not been addressed by the Seventh Circuit. Unlike other Circuits, the Seventh Circuit has not yet considered the proprietary of removal under the federal removal statue (28 U.S.C. § 1442) in a climate change-related action. Indeed, this Court recognized that the Seventh Circuit's decision in *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020) was controlling authority on federal officer removal, and although it found "*Baker* distinguishable in relevant part," it also found that "Defendants' arguments based on *Baker* were reasonable." Dkt. 113, at 25. The Court should allow the Seventh Circuit the opportunity to address the applicability of *Baker* to Plaintiff's claims seeking damages for global climate change before remanding this case to state court.

Absent a stay, Defendants face irreparable harm, whereas a stay would cause Plaintiff no prejudice and, in fact, would serve the public interest and the interest of judicial economy. This Court should allow Defendants time to seek a stay of remand pending appeal to the Seventh Circuit. *See*, *e.g.*, *Northrup Grumman Tech. v. DynCorp Int'l, LLC*, No. 1:16-cv-00534-JCC-IDD, 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016) (directing clerk to "refrain from executing the Court's Order . . . remanding the case back to the Circuit Court" so the parties could brief a stay of the remand order pending appeal), *aff'd*, 865 F.3d 181 (4th Cir. 2017).

Indeed, in prior climate change-related cases, federal courts in California, Hawai'i, Rhode Island, Maryland, New Jersey, and Delaware allowed defendants time to brief a motion to stay pending appeal after a grant of remand. *See*, *e.g.*, Order Granting Motions to Remand, *County of San Mateo v. Chevron Corp. et al.*, No. 17-4929 (N.D. Cal. Mar. 16, 2018), Dkt. 223 at 5–6; Order, *City & County of Honolulu v. Sunoco LP*, No. 20-163 (D. Haw. Feb. 16, 2021), Dkt. 130; Order, *County of Maui v. Chevron U.S.A. Inc.*, No. 20-470 (D. Haw. Feb. 16, 2021), Dkt. 101; Opinion and Order, *State of Rhode Island v. Chevron Corp. et al.*, No. 18-395 (D.R.I. July 22, 2019),

Dkt. 122 at 16–17; Memorandum Opinion, *Mayor and City Council of Baltimore v. BP P.L.C. et al.*, No. 18-2357 (D. Md. June 20, 2019), Dkt. 182 at 3; Order, *City of Hoboken v. Exxon Mobil Corp.*, et al., No. 20-14243, Dkt. 127 (D.N.J. Sept. 9, 2021); Order, *State of Delaware v. B.P. America Inc.*, 20-cv-01329, Dkt. 129 (D. Del. Jan. 21, 2022).

Judge Chhabria of the Northern District of California, for example, stayed execution of his remand order to allow defendants an opportunity to file a motion to stay pending appeal and then, in granting defendants' motion, explained: "[t]he Court finds that the[r]e are controlling questions of law as to which there is substantial ground for difference of opinion and that their resolution by the court of appeals will materially advance the litigation." Order Granting Motions to Stay, *County of San Mateo v. Chevron Corp. et al.*, No. 17-4929 (N.D. Cal. Apr. 9, 2018), Dkt. 240.

Similarly, Chief Judge Tunheim of the District of Minnesota granted defendants' emergency motion for a temporary stay to allow the parties to brief a stay pending appeal. Order, *Minnesota v. American Petroleum Institute*, No. 20-01636 (D. Minn. Apr. 7, 2021), Dkt. 86. Following briefing, Chief Judge Tunheim stayed execution of his remand order pending appeal, concluding that "this action raises *weighty and significant questions* that intersect with rapidly evolving areas of legal thought." *Minnesota v. American Petroleum Institute*, 2021 WL 3711072, at *2 (D. Minn. Aug. 20, 2021) (emphasis added). The Court concluded: "Considerations of judicial economy and conservation of resources also weigh in favor of staying execution of the remand order as the Eighth Circuit determines whether the state or federal court has jurisdiction over this matter." *Id.* The same is true here—particularly given that, while the Court found that Seventh Circuit's decision in *Baker* was "distinguishable in relevant part, . . . Defendants' arguments based on *Baker* were reasonable." Dkt. 113, at 25.

In *Connecticut*, the Second Circuit reversed the lower court decision denying a stay and granted defendant's motion to stay pending appeal, finding that the "Appellant has made a sufficient showing that it is entitled to a stay." *Connecticut v. Exxon Mobil Corp.*, No. 21-1446 (2d Cir. Oct. 5, 2021), Dkt. 80.

In *Hoboken*, the District of New Jersey granted defendants' motion to stay pending appeal, recognizing that "[w]ithout a stay, the parties would be required to concurrently litigate this matter in both federal and state court," which "might also require a state court (and the parties) to needlessly expend resources." *City of Hoboken v. Exxon Mobil Corp.*, No. 20-cv-14243 (D.N.J. Dec. 15, 2021), Dkt. 133 at 5. Judge Vazquez explained that, despite his view that the case should be remanded, "the matter is clearly complex both factually and legally" and "[a]ny reasonable estimation of discovery costs would result in a large dollar amount," such that "two-track litigation" is more than "merely . . . an 'inconvenience.'" *Id.* at 5-6.

And in *Delaware*, the District of Delaware granted defendants' motion to stay pending appeal, explaining that "[w]ithout a stay, the case would be remanded to the Delaware Superior Court and Defendants would need to litigate the merits of Plaintiff's claims in state court while simultaneously pressing their appeal in the Third Circuit. During the pendency of the appeal, the Delaware Superior Court could (and would be within its rights to) rule on various substantive and procedural motions, including dispositive motions that require the adjudication of the parties' claims and defenses. There may be no practical way to 'un-ring the bell' of the state court's intervening rulings if the Third Circuit ultimately determines that the case should proceed in federal court." *State of Delaware v. B.P. America Inc.*, 20-cv-01329, Dkt. 134, at 6 (D. Del. Feb. 8, 2022). "[P]rematurely remanding the case to the state court without an appellate decision on the proper forum could very well cause a concrete and irreparable injury to Defendants, as it would

5

'defeat the very purpose of permitting an appeal and leave a defendant who prevails on appeal holding an empty bag.'" *Id.* (quoting *Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 4th 70, 79 (1st Cir. 2021)).

For these reasons, Defendants respectfully ask the Court to temporarily stay the execution of the Order until this Court rules on Defendants' forthcoming motion to stay pending appeal or, if that motion is denied, until the Seventh Circuit rules on the motion to stay Defendants would then file in that court. Defendants further request that the Court instruct the Court Clerk not to send a certified copy of the Order to the Circuit Court, pending briefing on Defendants' forthcoming motion to stay, which Defendants will file within ten days or as soon as the Court requests. Attached is a proposed order granting the requested relief.

Dated: May 18, 2025

Respectfully submitted,

By:   *s/ Patricia Brown Holmes*

**RILEY SAFER HOLMES & CANCILA LLP**
Patricia Brown Holmes
Ronald S. Safer
Lauren E. Jaffe
Christopher L. Schaeffer
70 W. Madison St., Ste. 2900
Chicago, Illinois 60602
(312) 471-8700 (main)
(312) 471-8701 (fax)
pholmes@rshc-law.com
rsafer@rshc-law.com
ljaffe@rshc-law.com
cschaeffer@rshc-law.com
docketdept@rshc-law.com

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr., *pro hac vice*
tboutrous@gibsondunn.com
William E. Thomson, *pro hac vice*
wthomason@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua D. Dick, *pro hac vice*
jdick@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8451

Thomas G. Hungar, *pro hac vice*
thungar@gibsondunn.com
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

**SUSMAN GODFREY L.L.P.**
Erica W. Harris, *pro hac vice forthcoming*
eharris@susmangodfrey.com
1000 Louisiana, Suite 5100

7

Houston, TX 77002
Telephone: 713.651.9366
Facsimile: 713.654.6666

**STERN, KILCULLEN & RUFOLO, LLC**
Herbert J. Stern, *pro hac vice forthcoming*
hstern@sgklaw.com
Joel M. Silverstein, *pro hac vice forthcoming*
jsilverstein@sgklaw.com
325 Columbia Turnpike, Suite 110
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Defendants Chevron Corporation and Chevron U.S.A. Inc.*

By: *s/ Stephanie A. Scharf*
**SCHARF BANKS MARMOR LLC**
Stephanie A. Scharf
30 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: (312) 662-6999
Fax: (312) 726-6045
sscharf@scharfbanks.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
Jonathan W. Hughes
(*pro hac vice forthcoming*)
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3100
Fax: (415) 471-3400
jonathan.hughes@arnoldporter.com

John D. Lombardo (*pro hac vice forthcoming*)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199
john.lombardo@arnoldporter.com

Diana E. Reiter (*pro hac vice forthcoming*)
250 West 55th Street
New York, NY 10019-9710

8

Tel: (212) 836-8000
Fax: (212) 836-8689
diana.reiter@arnoldporter.com

*Attorneys for Defendants BP p.l.c., BP America Inc.
and BP Products North America Inc.*


By:   *s/ Nicole C. Mueller*
Nicole C. Mueller
Kenn Brotman
**K&L GATES LLP**
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1211
Facsimile: (312) 345-9976
nicole.mueller@klgates.com
kenn.brotman@klgates.com

David C. Frederick (*pro hac vice*)
James M. Webster, III (*pro hac vice*)
Daniel S. Severson (*pro hac vice*)
**KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
Email: dfrederick@kellogghansen.com
Email: jwebster@kellogghansen.com
Email: dseverson@kellogghansen.com

*Attorneys for Defendants Shell plc, Shell USA, Inc.,
and Shell Oil Products Company LLC*

By:   *s/ H. Patrick Morris*
**JOHNSON & BELL, LTD.**
H. Patrick Morris
David F. Fanning
Danielle Austriaco
33 W. Monroe St., Suite 2700
Chicago, IL  60603
(312) 372-0770 (main)
(312) 372-9818 (Fax)
morrisp@jbltd.com

9

fanningd@jbltd.com
austriacod@jbltd.com

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
Theodore V. Wells, Jr. (*pro hac vice*)
Email: twells@paulweiss.com
Daniel J. Toal (*pro hac vice*)
Email: dtoal@paulweiss.com
Yahonnes Cleary (*pro hac vice*)
Email: ycleary@paulweiss.com
Caitlin Grusauskas (*pro hac vice*)
Email: cgrusauskas@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000

*Attorneys for Defendants Exxon Mobil Corporation
and ExxonMobil Oil Corporation*


By:   *s/ Patrick P. Clyder*
**McGuireWoods LLP**
Patrick P. Clyder #6292573
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 750-8668
pclyder@mcguirewoods.com

Jeremiah J. Anderson (*pro hac vice* forthcoming)
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
jjanderson@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice* forthcoming)
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-4746
bschmalzbach@mcguirewoods.com

*Attorneys for Defendant American Petroleum
Institute*

10

By:  *s/ Hallie B Levin*
Hallie B. Levin
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
E-mail: hallie.levin@wilmerhale.com

Matthew T. Martens (admission forthcoming)
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
E-mail: matthew.martens@wilmerhale.com

Robert Kingsley Smith (admission forthcoming)
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
E-mail: robert.smith@wilmerhale.com

*Attorneys for Defendants ConocoPhillips Company
and ConocoPhillips*

By:  *s/ Sean M. Berkowitz*
Sean M. Berkowitz
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: sean.berkowitz@lw.com

Nicole C. Valco (*pro hac vice*)
Katherine A. Rouse (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538

11

Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: nicole.valco@lw.com
Email: katherine.rouse@lw.com

*Attorneys for Defendants Phillips 66 and Phillips 66 Company*