## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO, | No. 1:24-cv-02496 |
|     Plaintiff, | Hon. Franklin U. Valderrama |
| v. | |
| BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY; CONOCOPHILLIPS; PHILLIPS 66 COMPANY; PHILLIPS 66; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; SHELL OIL PRODUCTS COMPANY LLC; SHELL PLC; SHELL USA, INC.; and AMERICAN PETROLEUM INSTITUTE, | |
|     Defendants. | |

### CITY OF CHICAGO'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR A TEMPORARY STAY OF EXECUTION OF REMAND ORDER

The City of Chicago (the "City") respectfully responds to Defendants' Emergency Motion for a Temporary Stay of Execution of Remand Order (Dkt. 114, "Emergency Motion") and this Court's Minute Entry requesting that the City file a response indicating whether it opposes the Emergency Motion and the basis for that opposition (Dkt. 115). The City does not oppose the Emergency Motion, save for two caveats: (1) the City objects to Defendants' request on how long the temporary stay remains in place; and (2) the City requests the Court set an expedited briefing schedule with page limits, so that this case can proceed.

On May 16, 2025, the Court granted the City's Motion to Remand and directed the Clerk's Office "to remand this case to the Circuit Court of Cook County, Illinois immediately." (Dkt. 113,

"Remand Order" at 25-26). In their Emergency Motion, filed without contacting the City to see if the City objected, Defendants request that the "Court temporarily stay the execution of its order granting Plaintiff's motion to remand . . . to allow Defendants time to file a formal motion to stay remand pending appeal, which Defendants will file within ten days or as soon as the Court requests." Emergency Motion at 1. The City does not oppose Defendants' request for a temporary stay that would "remain in place until this Court rules on Defendants' forthcoming motion to stay pending appeal." However, the City opposes Defendants' request that the temporary stay remain in place "if [the forthcoming] motion is denied, until the Seventh Circuit rules on the motion to stay Defendants would then file in that Court." Emergency Motion at 1-2.

The City intends to vigorously oppose the motion to stay remand pending appeal. A stay pending appeal "is not a matter of right," but "is instead 'an exercise of judicial discretion,'" with the "party requesting a stay bear[ing] the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 423, 433–34 (2009); *see also Thomas v. JP Morgan Chase Bank*, No. 19 C 2777, 2019 WL 13221434, at *1 (N.D. Ill. June 24, 2019) (citing *Nken* for the proposition that "[a] stay pending appeal is "an intrusion into the ordinary process of an administration and judicial review ... and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant"). The moving party bears a "heavy burden" in seeking this "extraordinary relief." *Winston–Salem/Forsyth Cnty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971). The Court must consider "four factors: '(1) whether the stay applicant has a made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Ritchie v. Neal*, No.

25-1852, 2025 WL 1428118, at *2 (7th Cir. May 18, 2025) (applying *Nken* factors to a motion to stay); *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019) (same). Here, a stay is not warranted because Defendants cannot make a strong showing they are likely to succeed on the merits on appeal. As the Court observed, "eight courts of appeals have rejected Defendants' removal attempts in similar cases." Remand Order at 6. The other factors would also weigh in favor of denying a stay in this case, and multiple other courts have rejected similar requests for stays in similar climate deception cases.[1]

    The City requests an expedited briefing schedule on the anticipated motion to stay so that this litigation can move forward. The City filed its Complaint on February 20, 2024. Defendants then removed this case, despite their losing track record, which led to a delay in this case for over a year. This case should proceed in the Circuit Court of Cook County, consistent with the Court's Remand Order.

    The City has proposed the following briefing schedule and page limits to Defendants' liaison counsel, Joshua Dick. Defendants' liaison counsel has not yet confirmed that all Defendants agree.

- Defendants' Motion to Stay by May 28, 2025 (the date that Defendants

---

[1] *See, e.g.*, *BP P.L.C. v. Mayor and City Council of Baltimore*, 140 S.Ct. 449 (Oct. 22, 2019); *City & Cty. of Honolulu v. Sunoco LP et al.*, No. 21 15313, Doc. 144 (9th Cir. Mar. 13, 2021); *Bd. of Cty. Commissioners of Boulder County v. Suncor Energy, Inc*., No. 19-1330, Doc. No. 10687694 (10th Cir. Oct. 17, 2019*); Mayor and City Council of Baltimore v. BP P.L.C.*, No. 19-1644, Doc No. 116 (4th Cir. Oct. 1, 2019); *State of Rhode Island v. Shell Oil Products Company, LLC*, No. 19-1818, Doc. No. 00117499123 (1st Cir. Oct. 7, 2019); *City & Cty. of Honolulu v. Sunoco LP*, No. 20-CV-00163-DKW-RT, 2021 WL 839439, at *1 (D. Haw. Mar. 5, 2021); *Mayor & City Council of Baltimore v. BP P.L.C.*, No. CV-ELH-18-2357, 2019 WL 3464667 (D. Md. July 31, 2019); *State of Rhode Island v. Shell Oil Prods. Co., LLC*, No. 1:18-cv-395-WES-LDA (D.R.I. Sept. 10, 2019) ("TEXT ORDER granting Motion to Remand to State Court; denying Motion to Stay: The Court DENIES Defendants' Motion to Stay Remand Order Pending Appeal."); *Bd. of Cty. Commissioners of Boulder Cty. v. Suncor Energy (U.S.A.) Inc*., 423 F. Supp. 3d 1066 (D. Colo. 2019).

proposed in the Emergency Motion), limited to ten pages;

- City's Response by June 6, 2025, limited to ten pages; and

- Defendants' Reply by June 13, 2025, limited to five pages.

Date: May 20, 2025

Respectfully submitted,

Mary B. Richardson-Lowry
**Corporation Counsel of the City of Chicago**

By: /s/ Chelsey B. Metcalf

Stephen J. Kane
Rebecca A. Hirsch
Chelsey B. Metcalf
**CITY OF CHICAGO DEPARTMENT OF LAW**
**AFFIRMATIVE LITIGATION DIVISION**
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
Tel: (312) 744-6934
stephen.kane@cityofchicago.org
rebecca.hirsch2@cityofchicago.org
chelsey.metcalf@cityofchicago.org

/s/ Daniel R. Flynn

Adam J. Levitt
Daniel Rock Flynn
Anna Claire Skinner (*pro hac vice*)
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
alevitt@dicellolevitt.com
dflynn@dicellolevitt.com
askinner@dicellolevitt.com

Matthew K. Edling (*pro hac vice*)
Victor M. Sher (*pro hac vice*)
Paul Stephan (*pro hac vice*)
**SHER EDLING LLP**
100 Montgomery Street, Suite 1410
San Francisco, California 94104
Tel: (628) 231-2500
matt@sheredling.com

4

vic@sheredling.com
paul@sheredling.com