IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO,<br><br>    Plaintiff,<br><br>    v.<br><br>BP P.L.C.; BP AMERICA INC.; BP PRODUCTS NORTH AMERICA INC.; CHEVRON CORPORATION; CHEVRON U.S.A. INC.; CONOCOPHILLIPS COMPANY; CONOCOPHILLIPS; PHILLIPS 66 COMPANY; PHILLIPS 66; EXXON MOBIL CORPORATION; EXXONMOBIL OIL CORPORATION; SHELL OIL PRODUCTS COMPANY LLC; SHELL PLC; SHELL USA, INC.; and AMERICAN PETROLEUM INSTITUTE,<br><br>    Defendants. | Civil Action No. 1:24-cv-02496<br><br>Hon. Franklin U. Valderrama |

**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION
TO STAY EXECUTION OF REMAND ORDER PENDING APPEAL**

**I.     INTRODUCTION**

The Court has acknowledged that Defendants' arguments in favor of federal jurisdiction are "reasonable," and that the Seventh Circuit has "adopted a broader interpretation" of federal officer removal jurisdiction than other circuits. Remand Opinion and Order, Dkt. 113 (the "Order"), at 17, 25. Under these circumstances, the stay factors weigh in favor of a stay of the Court's remand order to allow the Seventh Circuit to address critical issues of first impression without unnecessary parallel litigation. Plaintiff's arguments to the contrary understate Defendants' likelihood of success, and Plaintiff errs in its analysis of the harms to the parties and the public interest. The Court should follow the lead of multiple other federal courts in similar climate cases and stay execution of the Order pending the outcome of Defendants' appeal.[1]

**II.    ARGUMENT**

**A.     Defendants Have a Substantial Case on the Merits of Their Appeal**

Plaintiff does not contest that "a party seeking a stay need not show that it is more than 50% likely to succeed on appeal"; the standard for a stay is simply "a substantial case on the merits." *Westefer v. Snyder*, 2010 WL 4000599, at *3 (S.D. Ill. Oct. 12, 2010) (cleaned up); *see also, e.g.*, *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020) (noting that "a 'strong' showing . . . does not mean proof by a preponderance"). Properly applying this standard, Defendants have readily demonstrated a substantial case on the merits and therefore have satisfied the first stay factor. Plaintiff downplays Defendants' likelihood of success as "at best," "negligible." Resp. at 3. But no serious examination of Defendants' arguments in light of *Baker v. Atlantic Richfield Co.*, 962 F.3d 937 (7th Cir. 2020), which all parties and the Court agree is the

---

[1] At minimum, the Court should continue its current stay of the Order to provide sufficient time for Defendants to seek a stay pending appeal from the Seventh Circuit and for the Seventh Circuit to rule on that application.

1

leading case, would conclude that Defendants' chances of success on appeal are "negligible"—and, of course, this Court described Defendants' arguments as "reasonable." Order at 25. To the contrary, there is a significant likelihood that the Seventh Circuit, applying *Baker* and other case law, will come to a different conclusion than this Court.

To start, all parties agree that much of the Court's analysis—including the "acting under" and nexus prongs, and the government contractor defense—turns on the Court's adoption of Plaintiff's characterization of its claims as being solely about "deception and misrepresentation" rather than including "Defendants' production of fossil fuels." Order at 19. But given the Seventh Circuit's clear guidance in *Baker* that the Court must "credit *only* the [Defendants'] theory" of the case, 962 F.3d at 947 (emphasis added), there is a strong possibility that the Seventh Circuit will reverse on this point. Other case law points in the same direction. *See, e.g.*, *Maryland v. 3M Co.*, 130 F.4th 380, 389 (4th Cir. 2025) (plaintiff in federal officer removal context "is no longer the master of its complaint," and court "must credit a removing defendant's theory of the case"); *Gov't of Puerto Rico v. Express Scripts*, 119 F.4th 174, 194 (1st Cir. 2024) (district courts must "credit the removing parties' theory of removal under § 1442(a)(1)").

Plaintiff repeats the Court's reasoning that Defendants may not offer a theory of the case "'untethered to the claims of Plaintiffs,'" and that "'*Baker* does not stand for the proposition that federal officer removal may be based on a relation to a plaintiff's injuries rather than to the claims themselves.'" Resp. at 3, 4 (quoting Order at 11, 22). But, again, the Seventh Circuit could very likely reach different conclusions on both points. First, Defendants' theory of the case is entirely consistent with Plaintiff's own claims, which are premised on harms allegedly caused by Defendants' production of fossil fuels and asserted contribution to global greenhouse emissions. *See, e.g.*, Remand Opp. at 20–24; Compl. ¶¶ 1, 4, 5, 9. Second, *Baker* itself upheld federal officer

2

removal in the context of a negligence claim for failure to warn, for which the plaintiffs' *injury* was caused by contamination partially carried out at federal behest. *See* First Am. Compl., *Baker v. Atl. Richfield Co.*, No. 45D04-1710-CT-00202, Dkt. 1 ¶ 128 (Ind. Super. Ct. Oct. 23, 2017). In other words, even when the plaintiffs in *Baker* premised liability on a failure to warn, the Seventh Circuit looked at the defendants' production of products that resulted in the pollution that caused the plaintiffs' alleged injuries. The situation here is analogous, and there is considerable reason to think that the Seventh Circuit will reach the same conclusion as in *Baker* and reverse this Court.

The same is true for the Court's analysis of Plaintiff's purported disclaimer, for which *Baker* is directly on point. As the Court acknowledged, "in *Baker* . . . there was a contradiction between the plaintiffs' attempt to recover from lead and arsenic contamination but also disclaim government-controlled production of some of that contamination," and the Seventh Circuit held that the disclaimer did not defeat removal. Order at 11. The circumstances here are identical. Just as the plaintiffs in *Baker* brought a failure to warn claim for injuries from "lead and arsenic contamination," but improperly attempted to disclaim federally-controlled production of the products causing the pollution, here Plaintiff brings failure to warn and deception claims for alleged injuries resulting from the release of greenhouse gas emissions, but attempts to disclaim emissions released from fossil fuels produced for military use. Again, there is a substantial likelihood that the Seventh Circuit will adhere to its precedent in *Baker* and reverse the Court's conclusion as to Plaintiff's disclaimer.

Given the significant probability that the Seventh Circuit will reach a different conclusion than this Court, it is prudent to permit the Seventh Circuit to address these "weighty and significant questions," *Minnesota v. Am. Petroleum Inst.*, 2021 WL 3711072, at *2 (D. Minn. Aug. 20, 2021), before remanding the case. As noted in Defendants' briefing, multiple other federal district courts

presiding over similar cases have done the same. *See* Mot. at 2–3, 8. Plaintiff protests that a question of first impression is insufficient for a stay, citing out-of-circuit cases rejecting federal officer removal. Resp. at 6. But this is not merely a question of first impression—it is one in which recent and controlling authority from the Seventh Circuit has adopted a "broader interpretation" of federal officer jurisdiction than other circuits. Order at 17. This Circuit's interpretation strongly supports federal officer jurisdiction here. Under the present circumstances, Defendants have amply shown a substantial case on the merits.[2]

**B.      Defendants Will Suffer Irreparable Harm Absent a Stay**

Permitting this case to proceed in Illinois Circuit Court while an appeal is pending would defeat the purpose of an appeal and irreparably harm Defendants. *See* Mot. at 8–10. Plaintiff protests that the possibility of parallel litigation and rulings does not constitute irreparable harm, and that it is unlikely the Circuit Court would reach a final judgment before resolution of the appeal. Resp. at 8. But the danger is not simply the possibility of a final judgment; rather, throughout the course of the litigation, the Circuit Court will "rule on various substantive and procedural motions, including dispositive motions that require the adjudication of the parties' claims and defenses." *Delaware v. BP Am. Inc.*, 2022 WL 605822, at *3 (D. Del. Feb. 8, 2022). If Defendants prevail on appeal, "[t]here may be no practical way to 'un-ring the bell' of the state court's intervening rulings" on these threshold motions. *Id.* And these rulings from a court that lacked jurisdiction in the first place may cause Defendants irreparable harm. For example, the Circuit Court could issue discovery rulings requiring Defendants to produce sensitive and

---

[2] Plaintiff quotes from a stay decision in *City of Hoboken v. Exxon Mobil Corp.*, but its citation is mistaken. *See* Resp. at 6 (quoting from Dkt. 133 at 3, but citing Dkt. 127 at 3). Plaintiff gives the incorrect impression that the district court in *Hoboken* rejected a stay of remand pending appeal. In fact, the district court *granted* a stay, noting that "consideration of judicial economy and conservation of resources," as well as the fact that the "matter [was] clearly complex both factually and legally," supported a stay. No. 20-cv-14242, Dkt. 133 at 5 (D.N.J. Dec. 15, 2021).

4

confidential documents to Plaintiff. The consequences of such a production, and the harms to Defendants, could not be easily reversed even if Defendants later prevailed on appeal.

**C.      Plaintiff's and the Public's Interests Also Favor a Stay**

Finally, a modest stay pending appeal will not harm Plaintiff, and will serve the public interest by avoiding duplicative litigation. *See* Mot. at 10. Plaintiff invokes a concern that "discovery materials [will] become stale and witnesses' memories [will] fade." Resp. at 10. But the vague "risk [that] documentary and testimonial discovery materials will be lost, and memories will fade"—a risk that is present in all cases—is not reason to deny a stay. *Delaware*, 2022 WL 605822, at *3. There is no contention that Defendants are not preserving all relevant documents. If Plaintiff believes it has an actual, concrete need to preserve specific evidence while Defendants' appeal is pending in order to prevent a failure or delay of justice, it can seek relief accordingly. *See* Fed. R. Civ. P. 27(b)(1).

Plaintiff also cites the alleged effects of Defendants' conduct and its need for "compensation." Resp. at 10. But Plaintiff chose to wait until 2024 to bring this case even though it has long been on notice of the issues raised by its claims, and even though many of these highly publicized climate cases were filed in 2017 (including against many of the same Defendants as here). *See Delaware*, 2022 WL 605822, at *3 n.3 (explaining it was "relevant to the Court's [stay] calculation . . . that Plaintiff waited for approximately three years after the first [similar suit] before bringing its case"). In any case, nothing about a stay will prevent Plaintiff from ultimately securing any compensation to which it is entitled should it prevail on the merits of the case. And a stay would actually save money, time and resources for all parties (and the Court) by avoiding duplicative litigation while the Seventh Circuit resolves Defendants' appeal.

**III.     CONCLUSION**

The Court should grant the Motion and stay execution of the Order pending appeal.

5

Dated: June 13, 2025   Respectfully submitted,

By:  *s/ Patricia Brown Holmes*
**RILEY SAFER HOLMES & CANCILA LLP**
Patricia Brown Holmes
Ronald S. Safer
Lauren E. Jaffe
Christopher L. Schaeffer
1 S. Dearborn St., Ste. 2200
Chicago, Illinois 60603
(312) 471-8700 (main)
(312) 471-8701 (fax)
pholmes@rshc-law.com
rsafer@rshc-law.com
ljaffe@rshc-law.com
cschaeffer@rshc-law.com
docketdept@rshc-law.com

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr., *pro hac vice*
tboutrous@gibsondunn.com
William E. Thomson, *pro hac vice*
wthomson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua D. Dick, *pro hac vice*
jdick@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.374.8451

Thomas G. Hungar, *pro hac vice*
thungar@gibsondunn.com
1700 M St., N.W.
Washington, D.C. 20036
Telephone: 202.887.3784
Facsimile: 202.467.0539

**SUSMAN GODFREY L.L.P.**
Erica W. Harris, *pro hac vice forthcoming*
eharris@susmangodfrey.com
1000 Louisiana, Suite 5100

6

Houston, TX 77002
Telephone: 713.651.9366
Facsimile: 713.654.6666

**STERN, KILCULLEN & RUFOLO, LLC**
Herbert J. Stern, *pro hac vice forthcoming*
hstern@sgklaw.com
Joel M. Silverstein, *pro hac vice forthcoming*
jsilverstein@sgklaw.com
325 Columbia Turnpike, Suite 110
Florham Park, New Jersey 07932-0992
Telephone: 973.535.1900
Facsimile: 973.535.9664

*Attorneys for Defendants Chevron Corporation and Chevron U.S.A. Inc.*

By: *s/ Stephanie A. Scharf*
**SCHARF BANKS MARMOR LLC**
Stephanie A. Scharf
George D. Sax
30 West Hubbard Street, Suite 500
Chicago, IL 60654
Tel: (312) 662-6999
Fax: (312) 726-6045
sscharf@scharfbanks.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
Jonathan W. Hughes
(*pro hac vice*)
3 Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3100
Fax: (415) 471-3400
jonathan.hughes@arnoldporter.com

John D. Lombardo (*pro hac vice*)
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Tel: (213) 243-4000
Fax: (213) 243-4199
john.lombardo@arnoldporter.com

Diana E. Reiter (*pro hac vice*)
250 West 55th Street
New York, NY 10019-9710

Tel: (212) 836-8000
Fax: (212) 836-8689
diana.reiter@arnoldporter.com

*Attorneys for Defendants BP p.l.c., BP America Inc. and BP Products North America Inc.*

By: *s/ Nicole C. Mueller*
Nicole C. Mueller
Kenn Brotman
**K&L GATES LLP**
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1211
Facsimile: (312) 345-9976
nicole.mueller@klgates.com
kenn.brotman@klgates.com

*Attorneys for Defendants Shell plc, Shell USA, Inc., and Shell Oil Products Company LLC*

By: *s/ H. Patrick Morris*
**JOHNSON & BELL, LTD.**
H. Patrick Morris
David F. Fanning
Danielle Austriaco
33 W. Monroe St., Suite 2700
Chicago, IL 60603
(312) 372-0770 (main)
(312) 372-9818 (Fax)
morrisp@jbltd.com
fanningd@jbltd.com
austriacod@jbltd.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Theodore V. Wells, Jr. (*pro hac vice*)
Email: twells@paulweiss.com
Daniel J. Toal (*pro hac vice*)
Email: dtoal@paulweiss.com
Yahonnes Cleary (*pro hac vice*)
Email: ycleary@paulweiss.com
Caitlin Grusauskas (*pro hac vice*)
Email: cgrusauskas@paulweiss.com
1285 Avenue of the Americas

8

New York, NY 10019-6064
Tel: (212) 373-3000

*Attorneys for Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation*

By: <u>s/ Patrick P. Clyder</u>
**MCGUIREWOODS LLP**
Patrick P. Clyder #6292573
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 750-8668
pclyder@mcguirewoods.com

Jeremiah J. Anderson (*pro hac vice*)
845 Texas Avenue, 24th Floor
Houston, TX 77002-2906
Telephone: (713) 571-9191
jjanderson@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
800 East Canal Street
Richmond, VA 23219-3916
Telephone: (804) 775-4746
bschmalzbach@mcguirewoods.com

*Attorneys for Defendant American Petroleum Institute*

By: <u>s/ Hallie B. Levin</u>
Hallie B. Levin
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
E-mail: hallie.levin@wilmerhale.com

Matthew T. Martens (admission forthcoming)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037

9

Telephone: (202) 663-6000
Facsimile: (202) 663-6363
E-mail: matthew.martens@wilmerhale.com

Robert Kingsley Smith (admission forthcoming)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
E-mail: robert.smith@wilmerhale.com

*Attorneys for Defendants ConocoPhillips Company and ConocoPhillips*

By: <u>s/ Sean M. Berkowitz</u>
Sean M. Berkowitz
**LATHAM & WATKINS LLP**
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: sean.berkowitz@lw.com

Nicole C. Valco (*pro hac vice*)
Katherine A. Rouse (*pro hac vice*)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: nicole.valco@lw.com
Email: katherine.rouse@lw.com

*Attorneys for Defendants Phillips 66 and Phillips 66 Company*